(R.D. 11729)

INTERCONTINENTAL AIR FREIGHT, INC., *v.* UNITED STATES

Entry Nos. A3911 and A3710.

(Decided December 7, 1970)

*Walter E. Doherty, Jr.,* for the plaintiff, *Carl Eardley,* Acting Assistant Attorney General (*Owen J. Rader* and *Robert E. Burke,* trial attorneys), for the defendant.

DONLON, Judge: These two consolidated cases have to do with the value of certain metal watch bands imported from Hong Kong at Boston on April 30, 1964 and May 18, 1964. The merchandise was entered by plaintiff for the account of BMC Trading Corporation of Providence.

The watch bands were purchased in Hong Kong by Yip Shing Co., as buying agent for BMC Trading Corporation. Some were purchased from Chun Chung Metal Factory, of Kowloon. These are designated as Style 763. The others were purchased from Hoi Fung Metal Works, also of Kowloon. These are designated as Style 769.

Although plaintiff failed to file the pre-trial statement required by Rule 15, defendant did comply with that Rule. Both from defendant's statement and the admission of plaintiff's counsel on trial, it is evident that there is no issue as to the basis of valuation. The merchandise was appraised on the basis of export value, and plaintiff concedes that export value is the correct basis. What is in issue, is the correctness of the amount at which the watch bands were appraised. Plaintiff claims that the values as entered are the correct export values. Defendant contends that the appraised values are the correct export values.

The issue of fact is further narrowed by defendant's Rule 15 statement. As to the Style 763 watch bands purchased from Chun Chung, the appraised values, so defendant concedes, are the export values of similar merchandise produced by Chun Chung. As to the Style 769 watch bands purchased from Hoi Fung, the appraised values are the export values of similar merchandise produced by another manufacturer.

It is also conceded by the parties that the merchandise at bar is not included among articles enumerated in the so-called Final List of the Secretary of the Treasury (T.D. 54521). Hence the merchandise is to be valued under the provisions of section 402(b), Tariff Act of 1930, as amended.

The relevant tariff provisions are as follows:

> Sec. 402(b): Export value. For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.
>
> Sec. 402(f): Definitions. For the purposes of this section—
>> (1) The term "freely sold or, in the absence of sales, offered for sale" means sold or, in the absence of sales, offered—

    (A) to all purchasers at wholesale, or

    (B) in the ordinary course of trade to one or more selected purchasers at wholesale at a price which fairly reflects the market value of the merchandise,

without restrictions as to the disposition or use of the merchandise by the purchaser, except restrictions as to such disposition or use which (i) are imposed or required by law, (ii) limit the price at which or the territory in which the merchandise may be resold, or (iii) do not substantially affect the value of the merchandise to usual purchasers at wholesale.

The burden on plaintiffs in appeals to reappraisement is a heavy one, of which counsel are well aware. In addition to proving by a preponderance of credible evidence that the appraised value is wrong, plaintiff also must establish by competent proofs some other value for the merchandise. *Brooks Paper Company* v. *United States*, 40 CCPA 38, 41, C.A.D. 495 (1952); *Kobe Import Co.* v. *United States*, 42 CCPA 194, 196, C.A.D. 593 (1955); and *Minkap of California, Inc.* v. *United States*, 55 CCPA 1, 10, C.A.D. 926 (1967).

The record here is a scant one. It consists solely of three affidavits introduced by plaintiff. They are the affidavits of the managers of Chun Chung, of Hoi Fung, and of Yip Shing, being respectively the sellers of the two styles of watch bands and the importer's buying agent.

The affidavits of the sellers recite the sales in issue, the prices on these sales and the familiarity of the affiant (in almost identical language in each affidavit) with "prices charges and terms of sale by our competitors for these items during this period and [I, the affiant] know that these prices for such articles at that time were more or less the same as our prices and the terms were the same."

The Yip Shing (buying agent) affidavit recites the sale prices and, also, the affiant's familiarity with the Hong Kong market, adding that he knows that "at that time" the prices listed were the usual prices for such articles.

There are no price lists, testimony or other evidence to support the generality of these conclusory statements. Nor is there any explanation of the scope of the assertion in the Hoi Fung affidavit that the market prices of watch bands were "more or less the same" as the prices of the merchandise at bar "during this period".

In the case of Chun Chung, another sale of "the same type of bands" in 1964 is recited, at a lower price. But there is neither proof that these were the only sales of the same merchandise, nor any proof at all as to sales by Chun Chung of similar merchandise. As to Hoi Fung, the affiant asserts that he did not sell "this type of watch band" to other exporters for exporting from Hong Kong to the United States during 1964.

These statements are conclusory, not evidentiary. Chief Judge Rao, in *Time Distributors, Inc.* v. *United States*, 58 Cust. Ct. 649, R.D. 11288 (1967), analyzed the testimonial weight of generalized statements, saying:

> * * * The affidavit of Mr. Bernasconi, except as to the prices at which sales were made to plaintiff, is couched in the language of the statute. Similar affidavits have been held to consist of "ultimate" and not "evidentiary" facts and to be insufficient to establish value in accordance with the statute. *Brooks Paper Company* v. *United States, supra; Kobe Import Co.* v. *United States, supra; United States* v. *Baar & Beards, Inc.*, 46 CCPA 92, C.A.D. 705; *Midland Industrial Company* v. *United States*, 57 Cust. Ct. 668, R.D. 11235. [P. 652.]

In its recent decision in *Mannesmann-Meer, Inc.* v. *United States*, 58 CCPA 6, C.A.D. 995 (1970), our appeals court reviewed *in extenso* the quality of evidence required to overcome the presumption that appraised value is correct. Testing the evidence here of record against the criteria there listed by our appeals court, it appears that plaintiff has not overcome the presumption that these appraised values are correct.

I find as facts the following:

1. The merchandise at bar consists of metal watch bands imported from Hong Kong at Boston on April 30, 1964 and May 18, 1964.

2. The merchandise was entered by plaintiff for the account of BMC Trading Corporation of Providence, having been purchased in Hong Kong for that company by its buying agent, Yip Shing Co.

3. The merchandise at bar does not appear in the Final List of the Secretary of the Treasury (T.D. 54521).

4. Appraisement was on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended. Plaintiff concedes that export value is the correct basis of appraisement.

5. The sole issue is the correctness of the amount at which the watch bands were appraised.

6. Affidavits of the sellers and of the buying agent in Hong Kong, introduced by plaintiff, are limited to conclusory and uncorroborated statements of the ultimate facts that plaintiff has to prove.

I make the following findings of law:

1. Export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the merchandise covered by the reappraisement appeals herein.

2. The presumption of correctness attaching to the appraised values has not been overcome.

3. The export values of the merchandise at bar are the respective appraised values.

Judgment will be entered accordingly.